UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICKY M. BURAS | CIVIL ACTION |
| VERSUS | NO: 13-2634 |
| STATE OF LOUISIANA, DEPARTMENT OF HEALTH & HOSPITALS | SECTION: "A" (1) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 6)** filed by defendant the State of Louisiana, through its Department of Health and Hospitals. Plaintiff Ricky M. Buras opposes the motion. The motion, scheduled for submission on September 25, 2013, is before the Court on the briefs without oral argument.

Plaintiff Ricky M. Buras filed this action pro se and in forma pauperis against the State of Louisiana, through its Department of Health and Hospitals ("DHH"). As the Court appreciates the facts, Buras's father and his attorney obtained an amendment of some sort to Buras's birth certificate in 1965. Apparently Buras has attempted more than once without success to re-amend the birth certificate but DHH refuses. In prior state court proceedings, DHH informed Buras that it could not locate the original evidence upon which the amendment in 1965 had been based. It is Buras's contention that if DHH cannot produce the original evidence then the nearly 50 year old amendment must be voided. Buras claims that DHH's refusal to re-amend the birth certificate violates La. R.S. § 40:266[1] which in turn violates his constitutional rights.

---

[1] The Court has been unable to locate any such statute but the specific state statute at issue is not material to the Court's analysis of jurisdiction.

1

DHH moves to dismiss the complaint arguing that it is immune from suit in a federal court pursuant to the Eleventh Amendment. In opposition Buras clarifies that he is not seeking via this suit to have his birth certificate amended. Rather, he is suing to vindicate the violation of his rights. In fact, in his complaint Buras advises that he seeks money damages. Buras also argues that DHH waived any immunities that it might have had when its attorneys violated La. R.S. § 40:266.

This Court clearly lacks jurisdiction over the complaint. The Eleventh Amendment serves as a jurisdictional bar depriving federal courts of the jurisdiction to adjudicate claims against the state. *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). Both federal and state law claims are barred from being asserted against a state in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-21 (1984). Eleventh Amendment immunity applies to any state agency or other entity of the state. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Moreover, the conduct of the attorneys acting for DHH when Buras filed suit in state court does not constitute a waiver of the state's immunity. *See Magnolia Venture Cap. Grp. v. Prudential Sec., Inc.*, 151 F.3d 439, 444-45 (5th Cir. 1998).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by the State of Louisiana, through its Department of Health and Hospitals is **GRANTED** and the complaint is **DISMISSED** without prejudice for lack of jurisdiction.

September 25, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE